SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-8230

Attorneys for Plaintiff
EDUARDO CALIXTO

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CALIXTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.; CAPITAL ONE SERVICES, INC.; and DOES 1-10,<br><br>Defendants. | Case No.: **'14CV2931 BAS JMA**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>   1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>   2. **CALIFORNIA ROSENTHAL ACT** |

Plaintiff, EDUARDO CALIXTO, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant

1
**COMPLAINT**

LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "Defendant LEGAL RECOVERY") and Defendant CAPITAL ONE SERVICES, INC. (hereinafter "Defendant CAPITAL ONE") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

1.    In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

2.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing

1    these injuries are inadequate to protect consumers.

2    Available non-abusive collection methods. Means other than
     misrepresentation or other abusive debt collection practices are
3    available for the effective collection of debts.

4    Interstate commerce. Abusive debt collection practices are carried
     on to a substantial extent in interstate commerce and through
5    means and instrumentalities of such commerce. Even where
     abusive debt collection practices are purely intrastate in character,
6    they nevertheless directly affect interstate commerce.

7    Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.]
     to eliminate abusive debt collection practices by debt collectors, to
8    insure that those debt collectors who refrain from using abusive
     debt collection practices are not competitively disadvantaged, and
9    to promote consistent State action to protect consumers against
     debt collection abuses.

10

11              **JURISDICTION AND VENUE**

12       4.     This action arises out of violations of the Federal FDCPA, over which the

13   U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. §

14   1681p.

15       5.     Because Defendant LEGAL RECOVERY conducts business within the

16   State of California, and is physically located at 5030 Camino De La Siesta, Suite 340, in

17   the City of San Diego, State of California, personal jurisdiction is established.

18       6.     Because Defendant CAPITAL ONE conducts business within the State of

19   California, and maintains an agent for service of process at 2710 Gateway Oaks Drive,

20   Suite 150N, City of Sacramento, State of California, personal jurisdiction is established.

21       7.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because

1   Defendant and witnesses are located within this judicial district.

2   ## PARTIES & DEFINITIONS

3   8.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to

4   Defendant, alleged to have been due and owing, is therefore both a "consumer" as that

5   term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor"

6   as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

7   9.     Defendant LEGAL RECOVERY filed a lawsuit against Plaintiff that

8   alleged that Plaintiff owed money to their client Defendant CAPITAL ONE, which

9   originated from a line of credit granted by Defendant CAPITAL ONE that Plaintiff

10   utilized for personal living expenses, and Plaintiff is therefore informed and believes

11   that the money alleged to have been owed to Defendants originated from monetary

12   credit that was extended primarily for personal, family, or household purposes, and is

13   therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and

14   Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

15   10.    Upon information and belief, Defendants were attempting to collect on a

16   debt that originated from a line of credit that was extended primarily for personal,

17   family, or household purposes, and was therefore a "consumer credit transaction"

18   within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

19   11.    Because Plaintiff, a natural person allegedly obligated to pay money to

20   Defendants arising from what Plaintiff is informed and believes was a consumer credit

21   transaction, the money allegedly owed was a "consumer debt" within the meaning of

4
**COMPLAINT**

California Civil Code § 1788.2(f) of the Rosenthal Act.

12.     Plaintiff is informed and believes that Defendants LEGAL RECOVERY and CAPITAL ONE utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to themselves and to others, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and are also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

13.     On or about October 24, 2014 Plaintiff discovered that he was the subject of a wage garnishment that Defendant LEGAL RECOVERY had obtained sometime in 2009 on behalf of, at the direction of, and in association with Defendant CAPITAL ONE in the Orange County Superior Court case number 30-2008-00210713.

14.     Plaintiff thereafter discovered that, on March 19, 2009, Defendant LEGAL RECOVERY—on behalf of, at the direction of, and in association with Defendant CAPITAL ONE—filed a proof of service with the Orange County Superior Court that alleged the process server retained by Defendant LEGAL RECOVERY personally served Plaintiff at an address in the City of Tustin on March 13, 2009.

15.     However, Plaintiff had moved from that address years before March of 2009, and as of March 2009 was residing at an address in the City of Anaheim.

16.     Upon information and belief, the proof of substitute service filed by Defendant LEGAL RECOVERY on March 19, 2009 is fraudulent in that it claims Plaintiff was personally served when in reality he was not personally served.

17.     The process server who drafted and filed the fraudulent proof of service was an in-house employee of Defendant LEGAL RECOVERY, and as such, was at all times acting as an agent on behalf of, at the direction of, and in association with Defendants LEGAL RECOVERY and CAPITAL ONE.

18.     Under California law, a law firm that retains a process server is "necessarily charged with notice of the acts and declarations of his agent". Bishop v. Silva (1991) 234 Cal. App. 3d 1317, 1322 (*quoting* Ippolito v. Municipal Court (1977) 67 Cal. App. 3d 682, 687).

19.     The process server exemption identified at 15 U.S.C. § 1692a(6)(D) does not apply to sewer service—the drafting and filing of fraudulent proofs of service to obtain default judgments. Holmes v. Elec. Document Processing, Inc. (August 15, 2013 No. Dist. Calif.) 966 F. Supp 2d 925, 932-935

20.     Upon information and belief, at all times relevant herein, Defendant LEGAL RECOVERY was acting on behalf of, at the direction of, and in association with Defendant CAPITAL ONE, and therefore Defendant CAPITAL ONE is liable for violations committed by Defendant LEGAL RECOVERY through vicarious liability.

21.     Moreover, an attorney's violations of the FDCPA arising out of a lawsuit filed against a debtor are imputed as vicarious liability to the client on whose behalf the attorney filed the lawsuit.  *See* <u>Fox v. Citicorp Credit Services</u> (9th Cir. 1993) 15 F.3d 1507, 1516 ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken").

22.     Equitable tolling applies to the FDCPA and RFDCPA so that the 1 year statute of limitations period identified in 15 U.S.C. § 1692k(d) and Calif. Civ. Code § 1788.30(f) does not begin to run until the aggrieved consumer either knows or has reason to know of the violation.  <u>Greco-Rambo v. Professional Collection Consultants, et al.</u> (August 25, 2011 So. Dist. Calif.) 2011 U.S. Dist. LEXIS 95328, **7-8.

23.     Because Plaintiff did not discover—and had no reason to discovery—the fraudulent proof of service having been filed against him in the Orange County Superior Court lawsuit in Defendants' efforts to collect upon an allegedly outstanding consumer debt until Defendants first initiated a wage garnishment in October of 2014, Plaintiff has therefore met his applicable statutes of limitations.

24.     As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity by being the subject of a fraudulent proof of service, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

25.     On December 11, 2014, the default judgment obtained against Plaintiff by Defendants was set aside by the Orange County Superior Court, after having granted

Plaintiff's motion to set aside the same because Defendants could not refute Plaintiff's evidence attached to his motion that proved he resided at a location other than where Defendants claim he was personally served in March of 2009.

26.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29.     At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal

Act, requiring all debt collectors to be responsible for and liable for all requirements contained with the Federal FDCPA, exceptions of which are not applicable:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### (As against Defendant LEGAL RECOVERY only)
### 15 U.S.C. §§ 1692-1692p

30.     Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

31.     By crafting and filing a fraudulent proof of service on March 19, 2009, Defendant LEGAL RECOVERY acted with unfairness, unconscionable means, oppression, and abuse and used false representations in connection with debt collection activity, and therefore violated 15 U.S.C. §§ 1692d, 1692e, & 1692f of the FDCPA.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### (As against Defendant CAPITAL ONE only)
### CAL. CIV. CODE §§ 1788-1788.32

32.     Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

33. By Defendant CAPITAL ONE's agent—Defendant LEGAL RECOVERY—violating 15 U.S.C. §§ 1692d, 1692e, & 1692f of the FDCPA, and vicarious liability is therefore imputed to Defendant CAPITAL ONE, Defendant CAPITAL ONE has necessarily violated the Rosenthal Act as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17..

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant and Plaintiff be awarded damages from each and every Defendant as follows:

- An award of statutory damages of $1,000.00 from Defendant LEGAL RECOVERY pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;

- An award of actual damages from Defendant LEGAL RECOVERY pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;

- An award of costs of litigation and reasonable attorney's fees from Defendant LEGAL RECOVERY pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;

- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act from Defendant CAPITAL ONE, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;

1    •    An award of statutory damages of $1,000.00 from Defendant CAPITAL

2         ONE pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which

3         are cumulative and in addition to all other remedies pursuant to California

4         Civil Code § 1788.32;

5    •    An additional award of statutory damages of $1,000.00 from Defendant

6         CAPITAL ONE pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as

7         incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17,

8         which are cumulative and in addition to all other remedies pursuant to

9         California Civil Code § 1788.32;

10   •    An award of costs of litigation and reasonable attorney's fees from

11        Defendant CAPITAL ONE pursuant to Cal. Civ. Code § 1788.30(c) of the

12        Rosenthal Act.

13        Pursuant to the seventh amendment to the Constitution of the United States of

14   America, Plaintiff is entitled to, and demands, a trial by jury.

15   Dated: December 11, 2014                    Respectfully submitted,

16                                               SEMNAR & HARTMAN, LLP

17                                          By:  /s/ Jared M Hartman_____
                                                Jared M. Hartman, Esq.
18                                              Attorney for Plaintiff

19

20

21

                                      11
                               **COMPLAINT**